Good evening, I guess it is now. Yes. May it please the Court, my name is Susan Field. I represent Krum and Forster, but I'm also appearing for the Chartist Companies that are the co-plaintiffs in intervention and the appellants. This appeal is all about timing. It sounds like actually this day is all about timing. I'm sorry, all about timing? Timing. Actually, it seems this day is all about timing from the argument before. But before we address the issues on this appeal, I'd like to bring the Court up to date. What was noticed in the briefs is that in June, the insurers did file a separate action against MGA, seeking reimbursement of the amounts that they paid from any award that may be handed down by this Court or by the district court should it be remanded. In August, the district court stayed that action, finding it to be premature. So we're now in a position where our intervention was too late and our separate action is too early. And that's the problem we find ourselves in. The posture of this case is unusual. Would it be premature if it was, if your appeal on your motion to intervene wasn't pending? No. Yes. It's premature because the amounts that we're seeking to get reimbursed from are on appeal before this Court. And until such time as there is money to be distributed and the Court has the opportunity to look at that fund and see what the insurers have paid, the Court is not in a position to make a determination. What's the separate status of the action that was filed in last summer? It is currently stayed. Stayed. Yes. So if you lose here, that goes forward, right? Right or wrong? Yes. But the problem is, yes, well, I don't know. We have to wait for the appeal, the underlying appeal to be resolved, frankly, before the issues as to who gets what out of an award can be determined. If we disagree with you here today, you're not out, Scout, then you'll go and pursue that method of recovery. That's true, except that we have lost what is an essential part of our claim, which is our right to be directly reimbursed from the fund that ultimately exists. And that is our clients, the insurance companies, there's no question have a right of subrogation. But you moved to intervene to get that direct reimbursement after the notice of appeal was already filed and the jurisdiction was already with us. Judge Carter had no authority to grant that. Well, Judge Carter didn't address the jurisdictional issue. But if, in fact, it was too late, and I believe that we could have had jurisdiction in the district court based upon the fact that the issues of allocation of that award once it's ultimately resolved are collateral. They are not dependent. They are not we're not involved in the underlying substantive issue of are they entitled to fees. And we chose not to get involved, and I'll talk about that in a minute, in arguing how much they should recover. So I do believe that the issue of the allocation of that fee award is collateral to the fee award. It is not necessarily there. Maybe we should have intervened in this appeal if, in fact, the district court was without jurisdiction. The problem is, to be very honest, by the time the court ruled that on our intervention, it was already too late to intervene before the court of appeals. Because the judgment was on August 4th. We filed our motion at the end of August. The judge ruled at the end of September. And the last day to have intervened in this appeal would have been September 4th. So we're basically in this catch-22 situation. Madam, Madam, how could we have granted you, even if we let you intervene, how could we have granted you relief? Aren't there some issues of fact here? I don't think I think the issue is intervention and then for the court to decide the allocation thereafter. I think that probably the right thing to have done here is essentially what the court did with our separate action, was to allow us to intervene, to protect our rights in this award, and then to stay it pending the outcome of this appeal. I still don't understand what you've lost. We've lost our right of subrogation. And what does that mean? This is an argument over money, how much, right? Yes, it is. And you're going to lose an amount of money by the district court's failure to allow you to intervene? There is certainly the potential that we will lose an amount of money. Well, there's a potential for an earthquake tomorrow, too. But, I mean, can you tell me specifically that there is an amount of money that you have lost because of such and so? I can tell you that we have lost our right of subrogation and our direct claim against Mattel, which we have under contract and under law, because the court did not allow us to intervene. I think you lost it because you didn't move to intervene earlier. Right. That's the question. And so the question is, the question is what the court here said, the district court said we should have intervened before the motion. Now, looking at intervention and the timeliness issue of intervention, I think the important question is looking at what the elements are. And the elements basically require prejudice to the parties. In the underlying motion and even at the court of appeal level, the briefs have nothing about prejudice being caused to Mattel or to MGA from our intervention. We're the ones that are prejudiced because we lose our right to subrogation and potentially lose our right if Mattel pays MGA to get our money back. The fourth, you know, there are three. I don't think they're in a big hurry to do that. Excuse me? I don't think Mattel is in a big hurry to do that. I don't think so, either. I think they can pretty much count on it. They're not out there counting the money. I don't think so, either, which is why in some sense this idea that we are somehow too late doesn't seem to make sense to me, because as long as the fund has not been distributed. In fact, the fund is on appeal before Your Honor. Mattel didn't argue this issue, but there's 130. But Judge Carter ordered the money to be paid to MGA. Yes. So we can't alter that. If the intervention were allowed and our subrogation claim were allowed, then we would be entitled to subrogate MGA's rights to collect on that judgment. There is no case in California, I couldn't find one anywhere, that suggests that somehow your right of subrogation is lost because you don't participate in the motion or in the trial. Parties are subrogated to judgments. They're subrogated after judgments. In this case, the insurers have paid in excess of $80 million to the defense of this case. The fee award that Judge Carter issued is that $80 million plus. The insurers are entitled to get that money back. MGA is not entitled to keep the money. And so the question is, at the end of the day, since the issues involve equity and fairness and efficiency, how is it that preventing the carriers from having the direct right of subrogation, which they have by contract and by equity, and requiring a second lawsuit where Mattel is not involved or equitable? So what exactly are you asking us to do? We're asking you to reverse the Court's order denying intervention. And that means? And direct the Court to allow intervention. And then what happens? And then when the Court, if this, I don't know what will happen on this appeal. If the matter goes back, if this Court affirms the copyright fee award, then we will go back to the Court to discuss the allocation of that fee award in the intervention claim. If the Court reverses or renams that fee award, then that's, then we'll be back where we were before the motion. Don't you already have a lawsuit against MGA? We have one now since then that is, that is. Another one that you're trying to get? We have, we have a current motion now, I mean, a case now that stayed. Previously, there was a bad faith case brought against the carriers for failing to defend. All right. Which really does raise the question of the practical reality of Judge Carter's ruling, because Judge Carter suggests that during the pendency of the case, the carriers should have intervened. Well, remember that this is an unusual case. This is a case where the only reason there is something to intervene on is because MGA, the defendant, got a fee award. It's not the case like all these other cases where it's the insurance company for the plaintiff that's intervening. I mean, we didn't have any reason to intervene until there was an award. And the fact that we should have intervened, says Judge Carter, at the motion stage raises terrible situations with California law and possible bad faith. The MGA was already filing its motion. It was already proceeding with its motion. If Judge Carter's rules are followed, we would be intervening in an action with our insured and getting into a debate with the insured in its underlying lawsuit about who's entitled to what money. What happened here is the carriers were willing to live with the claims that MGA made, let MGA, which they are required to do, control the strategy of the case, and then basically say, okay, when you get that fee award, let's figure out whose money it is. And that's what we're asking. Are you – if I remember this correctly, are you being driven by MGA's claim that the lawyers aren't going to get a penny of this? I don't think that that has anything to do with our claim. All right. I mean, the insurers have paid enormous amounts of defense costs to MGA, and MGA has its dispute with its lawyers, but that's not our dispute at the moment. All right. Our dispute is that the insured companies have paid. So the thing here is this case is not like any other case. The carriers in this case are not like any other carrier in any other intervention case I can find. The award here is not like any other award that I could find in a subrogation or in an intervention case. The district court's order prevented our action, and we appreciate your time. Thank you. We'll hear from – I'm not quite sure who we're going to hear from. You represent? I'm Jeffrey Ehrlich, Your Honor. I represent MGA. Are you sitting at the same table as Mattel? I am. We are on the same side. This is so strange. One of the amazing things about litigation. I've been living with this case for so many years. And Mr. Baker and I are going to each take five minutes, so if I hit five, he may leap up and pull me away. Okay. This case isn't really so different from every other case, certainly with respect to certain basic rules of jurisdiction. Fundamental rule. I think the law is pretty clear. After the Supreme Court in Griggs said that the filing of a notice of appeal is an event of jurisdictional significance, and that significance invests this court with jurisdiction and it divests the district court of control. Okay, over the subject matter of what's on appeal. Right. And I think clearly the Mattel part is on appeal. Right. How is your part? Well, I think it's like you're – How is their claim against MGA before us? The award went to MGA. The carriers allowed MGA to bring a claim for attorney's fees. They didn't try to stop it. They didn't subrogate. They allowed MGA to bring that claim. They understood MGA was seeking an award for itself. And there was no issue to allocate. There's no lurking allocation issue. The judgment awards MGA the fees. The carriers claim that they have a right to reimbursement under their policy. And their policies give them certain rights. They have filed a lawsuit to enforce that. Right. If they prevail, I mean, there's a whole body of law about when carriers can get reimbursement and whether there are equitable defenses that the insured can assert. At the end of the day, that case pending before Judge Carter, when he sorts it out, if the carriers win their claim, they'll be judgment creditors. They'll have the rights that the law accords to judgment creditors. What this is really all about, as Ms. Field explained, is that they don't want to just be judgment creditors. They want to be secured creditors. They want to say, we want to parachute in and get the money out of the hands of Mattel before it ever hits our insured's hands. And our response to that is, if that's really what you wanted, then you needed to subrogate, truly subrogate, and take NGA's derivative rights and assert them early on. But they chose not to do that for various reasons, as they've explained. They were okay with NGA bringing the claim, and then they understood that at the point where NGA got the money, then they could seek reimbursement. And that's what they're litigating. And so this is really, there's nothing in their insurance policy that makes them a secured creditor. They didn't draft something in their policy that says, you hold it for us on our behalf. They're a creditor. They have a contract right. If they can prove that right and they can overcome the defenses to that right, great. Then they're a judgment creditor. There's no reason that they have to be a part of this litigation. So, A, Judge Carter didn't have jurisdiction because there was no allocation order, no ---- Well, you say there's no reason. I mean, obviously they have a reason. Well, there's no issue that was left unresolved below. This is not a case where the attorney's fee, Judge Carter said, okay, NGA, you win on copyright, you win on trademark, and we'll litigate the fees later. He litigated all the issues, all of the attorney's fee issues, including who the fees went to, NGA, were put in the judgment. Well, let's say there were attorney discipline matters connected with it. You know, let's say, of course, not suggesting there was, but let's say there was some matter of one of the attorney's conduct that the district judge wasn't happy with, and said, okay, this judgment is going to go on appeal. Now we're going to litigate the misconduct of the lawyer. That would be a separate issue. That would be collateral, Your Honor. Collateral issue. Sure. Why is this just like that? So, okay, we, this court has no jurisdiction over, no longer has jurisdiction over the main judgment, which is up on appeal, but this is now the collateral question of subrogation, and this court retains jurisdiction over that. Why not? Because the judgment already resolved who got the fees. NGA got the fees. There's no issue. Then the only way, I mean, that could be modified, presumably, this quarter, but you can't take the judgment that's been issued and then say, oh, we're going to litigate this other issue. You have to modify that aspect of the judgment, and our view is that because that judgment is now up on appeal, a district court can't modify it. It's not a collateral issue. It's embraced within the judgment. That's why the carriers have a reimbursement right. And there's, as a result of the fact that they're just a creditor, they don't have a protectable interest. Their interests aren't being attacked. He gives me 30 seconds. They can't meet any of the grounds for intervention. The predicate for the reimbursement right is simply that NGA asserted the claim. NGA did that. Nothing else that NGA does interferes with their claim. If NGA wins the money, then they can come after NGA for reimbursement, and they can do that in a separate action. They don't have to do it in this case. In an alisal water, this Court made it clear that just because you're a creditor and you think that someone that is involved in litigation is asserting a claim that might affect your rights, that's not enough to be intervention as of right. And I will yield the rest of the time to my colleague from Mattel. Okay. Thank you, and good evening, Your Honor. If you may, please, the Court. My name is Ryan Baker. I am counsel for Plaintiffs Appellees Mattel and Mattel de Mexico in this intervention appeal. Justice Wardlaw, you got it right when you said there was no jurisdiction at the time that the insurers sought to intervene in this case. The delay is inexplicable. Truly, and it was truly a waiver of any right they would have had to exercise. I understand why NGA cares, but why does Mattel care? Well, Mattel has an interest in it. Well, why is it spending money sending you here? Sure, Your Honor. If Mattel has to pay out the money, it shouldn't really matter whether it goes to NGA or goes to the insurance company or whether it gets tossed out on the street, right? And that's true. Mattel's interest is in making sure there's one final ruling and that Mattel knows to the extent there is a final ruling on an amount of fees and costs, that Mattel is clear on who that money is to go to. And that's Mattel's primary interest, and Mattel certainly also has an interest. So it would be equally clear if we, if this Court had ordered intervention or if we ordered intervention, it would be equally clear, right? Would Mattel's rights be in any way impaired? Yes, Your Honor. Mattel's rights would be impaired. You've heard reference by counsel for NGA to a series of contracts. This is a dispute that's already, as we've mentioned, already pending before Judge Carter in a separate action. There's no harm to the insurers if Mattel is left outside. This is not Mattel's fight. This is a fight between parties who have several contracts on insurance, who have been litigating for years over these issues. There's bad faith claims. Isn't what they want is they want two entities to be responsible because in case NGA doesn't pay and they have a big war with NGA over paying them back, assuming NGA keeps the money,  that's not what the insurers want. That's not what their contract allows them to do. So that's your interest because you don't want to be a deep pocket for them. That's true. And the way that the insurers can pursue their rights is in the separate litigation that's already before Judge Carter that stayed pending the appeal of this intervention order. And they can pursue that. They can seek injunctive relief. They can seek the appointment of a receiver. They can seek the creation of an escrow account. There are several remedies available to the insurer parties. But it's available to them in that other litigation. But the threshold issue here really is jurisdiction. This Court should affirm on that basis alone. The statement by counsel for the insurers that they didn't know that NGA wasn't going to protect their rights and that NGA was a defendant in this case so it's not a traditional case where they have to step into the shoes of a plaintiff simply is not credible. They knew as of April 21st, 2011, when the jury found in favor of NGA on the copyright and trade secret claims that NGA was going to be entitled to fees. At that point, the Court said by May 5th, I want you to submit motions. They didn't act. Another month goes by. There's four days of oral argument. They didn't act. Two more months go by. There's a final judgment entered. They didn't act. Mattel files an appeal. Jurisdiction is gone. The case law is clear on that. It's black and white. They didn't act. They don't act until 15 days after. That's the dispositive issue. The Court should affirm on that basis. Getting beyond that, again, all that they've ever sought in the district court, and again here, is to get an award that Mattel should pay them. They don't quibble with the amount or the entitlement to fees. What happens if we remand the other case? If you remand the other case on the fees issue? Well, then at that point, at that point. Remand on any ground. Well, the Court should still affirm the ruling here on the basis there was no jurisdiction. And then at that point, the district court would be entitled and able to hear if there's a subsequent motion to intervene, these parties could bring that motion, and Judge Carter would be able to hear that and make the appropriate ruling. You would not take the position that they're barred by this ruling? Well, Mattel's position certainly is they've waived the right to bring those issues in subrogation on an intervention. And Mattel would make those arguments at that time. But Mattel's position here today is yes, absolutely, first, jurisdiction, and then second, the rulings of Judge Carter. No, I asked the question. You gave me an answer to something else. Mattel's position here. I said barred. Did you hear the word? Yes. Do you know what it means? Yes. Okay. Do you understand waived? I do. Okay. Do you think they're the same word? I think they're essentially the same. Really? Like, essentially. Really? I think that the MGA and the insurers can litigate these issues. Barred means you're barred by a judgment, an order. And they're barred. It has nothing to do with waiver. If the Court, if this Court sends back to the district court these issues, the jurisdiction would, again, be vested in the district court. They wouldn't be barred from bringing a subsequent motion. That was the point I tried to make earlier. They could bring that motion. Mattel would then make arguments, and the district court would then be able to make whether or not intervention at that time is appropriate, and then the nature and scope of any such intervention. So that they wouldn't be barred for time and all eternity from seeking to intervene. But the intervention in this instance should be affirmed, the denial should be affirmed, because it was untimely. Okay. Thank you, Your Honor. All right. You're out of time. Would you like a minute for rebuttal? I would, Your Honor. I think I'd like to start where we left off, which is on this issue of a bar. If this matter is remanded, the jurisdictional issue will probably disappear. But the basis for Judge Carter's ruling will not. Judge Carter's ruling was that we were too late because we didn't file before the motion. And that's when you get into the timeliness issues that we talked about before. The question of was there any prejudice. There's no prejudice. If Mattel doesn't want to be a party to a subsequent case, you pay the money into court and we'll fight with NGA over it, but the money will be protected. So at the very least, you want us to vacate that ruling. We do, Your Honor. And I think that with that, really, that's the issue here. The issue is the fairness of protecting the carriers, the reasonableness, the efficiency, and how this should proceed. So we would ask this Court to reverse, to direct that intervention was timely. And if this matter does go back, we'll deal with it at that time. Thank you. Thank you. The case is highly assessable.
judges: Kozinski, Trott, Wardlaw